{¶ 18} I respectfully dissent from my learned colleagues in the majority. Appellant argues that Officer Mauer did not have any reasonable, articulable suspicion to stop him and that the state failed to corroborate the anonymous tip. I believe that the police officer stopped appellant not just because of the radio dispatch, but also because of appellant's behavior when the police arrived at the scene.
 {¶ 19} Appellant's repeated failure to take his hands out of his pockets, despite being asked to do so, would cause any reasonable, prudent officer to perform a pat down. In the instant case, the officer did not stop appellant based on just the anonymous tip, but also on the fact that he matched the description of the suspect, walked away from officers while they were talking to him and refused to take his hands out of his pockets. Based on the totality of the circumstances, Officer Mauer's actions were proper.
 {¶ 20} Appellant claims that Officer Mauer's testimony concerning his knowledge and experience with PCP and the containers it comes in was impermissible 404(B) evidence. It is extremely unlikely that this testimony could have been construed to be a prior bad act of the appellant and thus lead the jury to be less than fair and impartial.
 {¶ 21} Accordingly, I would affirm the lower court's conviction and six-month sentence on the PCP drug charge.